IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:19-CV-00486

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF BRENDA ARMSTRONG, BRENDA ESTELLE ARMSTRONG REVOCABLE TRUST and WELLS FARGO BANK, NATIONAL ASSOCIATION, *in its capacity as trustee*, BRENDA ESTELLE ARMSTRONG IRREVOCABLE TRUST and WELLS FARGO BANK, NATIONAL ASSOCIATION, *in its capacity as trustee*, INGRID RAHMAN, *as executor of the Estate and individually*, BRADLEE ARMSTRONG, BENJAMIN ARMSTRONG, DEVONTE ARMSTRONG, BEVERLY NORMAN, FRED J. WILLIAMS, W. THURBUR ARMSTRONG, JR., DURHAM STRIDERS YOUTH ASSOCIATION, INC., JANE DOE and JOHN DOE, <br><br> Defendants. | **COMPLAINT FOR INTERPLEADER** <br> **(Fed.R.Civ.P. Rule 22; alt. 28 U.S.C. § 1335)** |

Plaintiff Unum Life Insurance Company of America ("UNUM" or "Plaintiff"), complaining of Defendants pursuant to Fed.R.Civ.P. 22, and alternatively pursuant to 28 U.S.C. § 1335, alleges and says as follows:

## PARTIES

1. UNUM is a corporation organized and existing under the laws of the State of Maine and, with due authorization, is engaged in the business of life insurance coverage in the State of North Carolina.

2. Upon information and belief, Estate of Brenda Armstrong ("Estate") is an estate duly set up and issued by the Durham County Clerk of Court, North Carolina.

3. Upon information and belief, Brenda Estelle Armstrong Revocable Trust and Wells Fargo Bank, National Association *in its capacity as trustee*, ("Revocable Trust") is a trust organized and created on or about October 20, 1995 in Durham County, North Carolina with Wells Fargo Bank, National Association as its trustee at the time of Brenda Armstrong, M.D.'s death.

4. Upon information and belief, Brenda Estelle Armstrong Irrevocable Trust and Wells Fargo Bank, National Association *in its capacity as trustee*, ("Revocable Trust") is a trust organized and created on or about October 20, 1995 in Durham County, North Carolina with Wells Fargo Bank, National Association as its trustee at the time of Brenda Armstrong, M.D.'s death.

5. Wells Fargo Bank, National Association is a national banking association organized under the laws of the United States, and authorized to do business and in fact conducting business in Durham, Durham County, North Carolina.

6. Upon information and belief, Ingrid Rahman ("Rahman") is a citizen and resident of State of Texas and is the Executor of the Estate and niece of the Decedent.

7. Upon information and belief, Bradlee Armstrong ("Bradlee Armstrong") is a citizen and resident of Durham County, North Carolina and the son of the Decedent.

8. Upon information and belief, Benjamin Armstrong ("Benjamin Armstrong") is a citizen and resident of Durham County, North Carolina and the son of the Decedent.

9. Upon information and belief, Devonte Armstrong ("Devonte Armstrong") is a citizen and resident of Durham County, North Carolina and the son of the Decedent.

2

10. Upon information and belief, Beverly Norman ("Norman") is a citizen and resident of the State of Ohio and the sister of the Decedent.

11. Upon information and belief, Fred J. Williams ("Williams") is a citizen and resident of Durham County, North Carolina and a friend of the Decedent.

12. Upon information and belief, W. Thurbur Armstrong, Jr. is a citizen and resident of the State of Ohio and the brother of the Decedent.

13. Upon information and belief, Durham Striders Youth Association, Inc., is a 501 (c) non-profit corporation organized and existing under the laws of the State of North Carolina with a business office located in Durham, Durham County, North Carolina.

14. Upon information and belief, Jane and John Doe are any other potential heirs to the Estate who may have an interest in the payout under the Policy.

## JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because (a) UNUM and defendants are citizens of different states, and (b) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16. Alternatively, if some defendants are citizens of differing states, this Court has jurisdiction pursuant to 28 U.S.C. § 1335, because (a) UNUM has in its possession more than $500.00 payable under a life insurance policy; (b) two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332(a), are claiming to be entitled to such money; and, (c) UNUM will deposit such money into the registry of this Court, there to abide the judgment of this Court, immediately upon entry of an order authoring such payment.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), and alternatively pursuant to 28 U.S.C. § 1397, because at least one of the defendants resides in this judicial district.

## FACTUAL ALLEGATIONS

18. On July 1, 1979, decedent Brenda E. Armstrong, M.D. ("Decedent" or "Dr. Armstrong") was hired by the Private Diagnostic Clinic ("PDC") associated with Duke University Medical Center. As an employee of the PDC, Dr. Armstrong had available to her, as a benefit of her PDC employment, life insurance coverage.

19. On or about October 20, 1995, Dr. Armstrong created two (2) trusts with Wachovia Bank of NC ("Wachovia"). Dr. Armstrong created a Revocable Trust funded by $10.00 with Wachovia as the trustee ("Revocable Trust"). Upon information and belief, a copy of the Revocable Trust is attached as Exhibit A and incorporated as if fully set forth herein. Further, Dr. Armstrong on or about October 20, 1995 created an Irrevocable Trust funded by a Transamerica Life Company Policy #41145146 with a face value of $100,000.00 with Wachovia as the trustee ("Irrevocable Trust"). Upon information and belief, a copy of the Irrevocable Trust is attached as Exhibit B and incorporated as if fully set forth herein. Both the Revocable and Irrevocable Trusts collectively referred to as "Trusts".

20. On or about October 26, 1995, Dr. Armstrong executed a University Physicians Trust Enrollment Card selecting an life insurance policy in the amount of $290,000.00 naming Wachovia Bank of NC as the trustee, with an effective date most likely January 1, 1996 with group summary benefits number 409811 003 issued to the PDC referring to the policy number 135937. A copy of the enrollment card is attached as Exhibit C and incorporated as if fully set forth herein. A copy of the group insurance summary of benefits attached as Exhibit D and incorporated as if fully set forth herein. However, UNUM's coverage for this group began on or about July 1, 2015 and at that time, Dr. Armstrong made changes to the Policy's limits increasing 's coverage with UNUM was increased to a flat $1,000,000.00 (the "Policy"). A copy of the Policy is attached as Exhibit E and incorporated as if fully set forth herein.

21. Upon information and belief, on or about December 31, 2008, Wachovia Bank of NC fully acquired by Wells Fargo Bank, National Association, which would have included the roles as trustee for the Trusts.

22. Upon information and belief, Dr. Armstrong had communication with Angela Clifton of Wells Fargo Bank prior to January 30, 2017. Further upon information and belief, as a result of that communication, on January 30, 2017, Wells Fargo Bank, National Association, by letter addressed to Dr. Armstrong, returned the following documents at Dr. Armstrong's request to Dr. Armstrong:

    a.    Original Power of Attorney dated 10/20/1995;

    b.    Original Irrevocable Trust Agreement dated 10/20/1995;

4

      c.      Original Revocable Trust Agreement dated 10/20/1995;

      d.      Original Will dated 10/20/1995;

      e.      Original Designation of Guardianship dated 10/20/195; and,

      f.      Transamerica Life Companies life insurance policy.

A copy of this letter from Wells Fargo Bank, National Association to Dr. Armstrong is attached as Exhibit F and incorporated by reference as if fully set forth herein.

      23.      Upon information and belief, Dr. Armstrong became seriously ill and her last day of work was on September 21, 2018 and she died on October 7, 2018 ("Death"). A copy of Dr. Armstrong's death certificate is attached as Exhibit G and incorporated by reference as if fully set forth herein.

      24.      At the time of the Decedent's death, a benefit of $1,000,000 became due and payable under the Policy.

      25.      Upon information and belief, letters of testamentary were issued for the Estate of Brenda E. Armstrong on or about October 19, 2018 (the "Estate"). A copy of the letters of testamentary for the Estate of Brenda E. Armstrong is attached as Exhibit H and incorporated by reference as if fully set forth herein.

      26.      Upon information and belief, the Estate inquired with Wells Fargo Bank, National Association regarding the prior Trusts. As a result, on or about January 9, 2019, Wells Fargo Bank, National Association allegedly resigned as trustees for the Trusts. A copy of the resignations of the trustees for the Trusts is attached as Exhibit I and incorporated by reference as if fully set forth herein. Further, Wells Fargo Bank, National Association on or about April 18, 2019 stated in its opinion the Trusts were never opened and never funded. A copy of said letter is attached as Exhibit J and incorporated by reference as if fully set forth herein.

      27.      Upon information, there has not been any formal change of beneficiary by Dr. Armstrong under the Policy nor has there been any termination of either of the Trusts by Dr. Armstrong's action or by action of law. Thus, it is unclear as to the legal status of either of the Trusts.

      28.      Upon information and belief, after the purported resignations of the trustees of the Trusts, no further trustees were appointed under the terms of the Trusts.

5

29. Under the terms of the Policy, if there is no beneficiary, the death benefit under the Policy will be paid to the Estate.

30. By reason of the matters set out above, UNUM cannot safely determine who is entitled to receive the $1,000,000 death benefit payable under the Policy, because of the competing potential beneficiaries to the death benefit.

31. As a result, UNUM may be subjected to multiple litigation and may be exposed to multiple liability unless this Court authorizes it to pay the death benefit, with interest, into the registry of this Court, and requires defendants to interplead and to assert in this proceeding any claims which they may wish to assert to the death benefit.

32. As a mere stakeholder, UNUM has no interest in the death benefit except to see that it is paid in accordance with the Policy and applicable law.

33. UNUM requests permission to pay into the registry of this Court the sum of $1,000,000, with interest, representing the death benefit payable under the Policy.

34. UNUM prays that defendants be directed to file in this proceeding whatever claims they may wish to assert to the death benefit, and that defendants be permanently enjoined from prosecuting any claims against UNUM relating to the death benefit except by way of interpleader in this action.

35. UNUM is ready and willing to pay the Policy proceeds; however, UNUM is unsure of the legal status of the Trusts and what legal entity, including by not limited to which of the Trusts, payment should be made.

WHEREFORE, plaintiff UNUM Life Insurance Company of America respectfully prays:

1. That its complaint in interpleader be allowed;
2. That defendants be required to interplead and to assert in this action any claims they may wish to assert to the death benefit payable under the Policy by reason of the death of Brenda E. Armstrong, M.D.;

3. That defendants be temporarily and permanently restrained from instituting or prosecuting against UNUM any claim or action in any State or other court with respect to the Policy and/or the recovery of any amount of the death benefit, except by way of interpleader in this action;

4. That UNUM be directed to pay into the registry of this Court the sum of $1,000,000.00 with applicable interest, representing the death benefit payable under the Policy, and that an order be entered discharging UNUM from further liability under the Policy;

5. That this Court determine the proper recipient of the death benefit;

6. That UNUM be dismissed with prejudice from this action and awarded a reasonable sum to cover its costs, expenses, and attorney's fees in connection with this interpleader action; and,

7. That UNUM have such other and further relief to which it may be entitled.

This the 1st day of November, 2019.

STEPHENSONLAW, LLP

Philip T. Gray
N.C. State Bar No.: 24258
Attorney for Plaintiff UNUM
PO Box 1267
Cary, NC 27512
Telephone: (919) 858-7008
Facsimile: (919) 858-8414
Email: ptg@stephenson-law.com

7

Case 5:19-cv-00486-D   Document 1   Filed 11/01/19   Page 7 of 7